IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS HARDAWAY, REYES VEGA, JR., MILDRED BLACK, ED BOLEN, NANCY ESCHENBRENNER, LARRY WOODS, CLARENCE HUFFMAN, JUDITH IRELAND, HELEN MURRAY, EVELYN HUNT for the estate of ARBSIE HUNT, and CHERYL OLIVER for the estate of EARL JOHN OLIVER, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL NO. 06-465-GPM ) |
| MERCK & CO., INC., and WALGREEN CO., d/b/a WALGREENS, | ) ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

      This matter is before the Court on Plaintiffs' motion to remand this action to state court for lack of federal subject matter jurisdiction (Doc. 15). Plaintiffs originally filed this action in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, alleging personal injuries caused by Vioxx, a prescription pain medication. They assert claims for strict products liability, negligence, consumer fraud, and common-law fraud against Defendant Merck & Co., Inc. ("Merck"), the manufacturer of Vioxx. Also, they assert claims for strict products liability, negligence, and breach of warranty against Defendant Walgreen Co. ("Walgreens") in connection with prescriptions for Vioxx that Walgreens filled for Plaintiffs Demetrius Hardaway and Reyes Vega, Jr., and for Plaintiff Cheryl Oliver's decedent Earl John Oliver. Merck removed the case from state court to this Court in federal diversity jurisdiction. *See* 28 U.S.C. § 1332; 28 U.S.C. § 1441;

*Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006).

Although Merck is a New Jersey citizen, while Plaintiffs and Walgreens are Illinois citizens, Merck asserts that complete diversity of citizenship exists in this case because Walgreens has been fraudulently joined to defeat diversity jurisdiction. *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Specifically, Merck contends that Plaintiffs' claims against Walgreens are barred by the so-called "learned intermediary" doctrine under Illinois law. *See Hansen v. Baxter Healthcare Corp.*, 764 N.E.2d 35, 43 (Ill. 2002); *Kirk v. Michael Reese Hosp. & Med. Ctr.*, 513 N.E.2d 387, 392-93 (Ill. 1987); *Leesley v. West*, 518 N.E.2d 758, 761-62 (Ill. App. Ct. 1988). Also, Merck argues that a sale of prescription drugs is not a sale of "goods" within the meaning of Article 2 of the Illinois Uniform Commercial Code ("Illinois UCC"), nullifying Plaintiffs' claims for breach of the implied warranty of merchantability against Walgreens. *See* 810 ILCS 5/2-102; 810 ILCS 5/2-314.

Additionally, Merck contends that the claims of Plaintiffs Hardaway, Vega, and Oliver have been fraudulently misjoined with the claims of Plaintiffs Mildred Black, Ed Bolen, Nancy Eschenbrenner, Larry Woods, Clarence Huffman, Judith Ireland, Helen Murray, and Evelyn Hunt, both on her own behalf and on behalf of the estate of Arbsie Hunt. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 147-48 (S.D.N.Y. 2001); *Conk v. Richards & O'Neil, LLP*, 77 F. Supp. 2d 956, 970-71 (S.D. Ind. 1999). Merck asserts that the claims of Hardaway, Vega, and Oliver have been fraudulently misjoined with the claims of Black, Bolen, Eschenbrenner, Woods, Huffman, Ireland, Murray, and Hunt because the latter group of Plaintiffs do not allege that Walgreens filled

prescriptions for Vioxx for them.

Based on numerous prior decisions of the Court addressing identical arguments in support of removal, the Court concludes that this action is due to be remanded to state court.[1]  The Court has specifically held in other actions involving alleged personal injuries caused by Vioxx that the learned intermediary doctrine is a case-dispositive defense common to diverse and non-diverse defendants that cannot be asserted as a basis for fraudulent joinder.  *See Brooks v. Merck & Co.*, Civil No. 06-371-GPM, 2006 WL 2167279, at **3-9 (S.D. Ill. July 31, 2006).  *See also Bova v. U.S. Bank, N.A.*, Civil No. 06-453-GPM, 2006 WL 2246409, at **4-10 (S.D. Ill. Aug. 4, 2006); *Hauck v. ConocoPhillips Co.*, Civil No. 06-135-GPM, 2006 WL 1596826, at **5-9 (S.D. Ill. June 6, 2006); *Klohr v. Martin & Bayley, Inc.*, Civil No. 05-456-GPM, 2006 WL 1207141, at *3 (S.D. Ill. May 4, 2006); *Simmons v. Norfolk S. Ry. Co.*, 324 F. Supp. 2d 914, 916-17 (S.D. Ill. 2004).  Similarly, the Court has held in previous orders that the issue of whether a sale of a prescription drug constitutes a sale of goods within the meaning of the Illinois UCC is, at best, an ambiguous question of Illinois law that must be resolved against removal and in favor of remand to state court.  *See Riddle v. Merck & Co.*, Civil No. 06-172-GPM, 2006 WL 1064070, at *6 (S.D. Ill. Apr. 21, 2006) (citing *Berry v. G.D. Searle & Co.*, 309 N.E.2d 550, 553 (Ill. 1974), and *Woodill v. Parke Davis & Co.*, 374 N.E.2d 683, 688-89 (Ill. App. Ct. 1978)); *Rabe v. Merck & Co.*, No. Civ. 05-363-GPM, Civ. 05-378-GPM, 2005 WL 2094741, at *2 (S.D. Ill. Aug. 25, 2005).

---

1.  The Court in its discretion denies Merck's request for a stay of these proceedings pending transfer of this case to the United States District Court for the Eastern District of Louisiana by the Judicial Panel on Multidistrict Litigation.  *See Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 845-46 (S.D. Ill. 2006) (quoting *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1048-49 (E.D. Wis. 2001)).  *Cf. Betts v. Eli Lilly & Co.*, Civil Action 06-0259-WS-B, 2006 WL 1523060, at **1-6 (S.D. Ala. June 5, 2006).

To the extent Merck argues that Walgreens has been fraudulently joined because Plaintiffs have failed adequately to plead their claims against Walgreens, Plaintiffs' claims against Walgreens are not subject to a heightened pleading standard under the Federal Rules of Civil Procedure, *see* FED. R. CIV. P. 9; *Rutherford*, 428 F. Supp. 2d at 854, and, in any event, it is Merck's burden of proof to produce clear and convincing evidence of fraudulent joinder, a burden that is not met by pointing to supposed defects in Plaintiffs' pleading of their claims against the diversity-defeating Defendant in this case.  As the Court has held previously, "[I]t is the burden of a defendant claiming fraudulent joinder to prove it by … put[ting] forward evidence that would negate a possibility of liability on the part of … a non-diverse defendant, not by … simply pointing to the plaintiff's lack of evidence … to show federal jurisdiction, … and this affirmative proof of fraudulent joinder must be clear and convincing."  *Hauck*, 2006 WL 1596826, at *4.  "A defendant's stringent burden of proof in establishing a claim of fraudulent joinder is not met merely by pointing to supposed defects in a plaintiff's pleading . . . .  The burden of establishing fraudulent joinder is a heavy one, resting with the out-of-state defendant seeking to remove the cause to federal court . . . .  The Court does not shift the burden of proof on a claim of fraudulent joinder to plaintiffs."  *Id*.

Finally, the Court has held in a number of previous orders that it does not recognize the doctrine of fraudulent misjoinder to defeat diversity.  *See Bavone v. Eli Lilly & Co.*, Civil No. 06-153-GPM, 2006 WL 1096280, at *5 (S.D. Ill. Apr. 25, 2006); *Riddle*, 2006 WL 1064070, at *8; *Rutherford*, 428 F. Supp. 2d at 855; *Rabe*, 2005 WL 2094741, at *2.  *Cf. Bryan v. Lexington Ins. Co.*, No. CA 06-0225-C, 2006 WL 2052524, at *8 n.8 (S.D. Ala. July 20, 2006); *A. Kraus & Son v. Benjamin Moore & Co.*, No. CV 05-5487(ARR)(VVP), 2006 WL 1582193, at *5 (E.D.N.Y. June 7, 2006).  "In the Court's view, whether viable state-law claims have been misjoined . . . is a

matter to be resolved by a state court. Nothing in the jurisprudence of the Supreme Court of the United States regarding fraudulent joinder suggests that the joinder of non-fraudulent claims under state procedural rules is a question that implicates the subject matter jurisdiction of a federal court." *Bavone*, 2006 WL 1096280, at *3.

Because Merck has failed to present any grounds for departing from the Court's previous decisions regarding issues identical to those raised by Plaintiffs' request for remand, the Court will adhere to those decisions. Plaintiffs' motion to remand (Doc. 15) is **GRANTED**, and, pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction.[2]

**IT IS SO ORDERED.**

DATED:  08/11/06

s/ G. Patrick Murphy  
G. PATRICK MURPHY  
Chief United States District Judge

---

2.   The Court in its discretion denies an award to Plaintiffs of costs and expenses, including attorney fees, pursuant to 28 U.S.C. § 1447(c). *See Bova*, 2006 WL 2246409, at *11; *Brooks*, 2006 WL 2167279, at *9; *Hauck*, 2006 WL 1596826, at *10.